MARTIN MacNICHOLS, PLAINTIFF, v. PUBLIC SERVICE RAILWAY COMPANY, A CORPORATION, DEFENDANT.

Submitted October 11, 1929—Decided March 13, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the rule, *Henry H. Fryling.*

*Contra, Edwards & Smith* (*Edwin F. Smith,* of counsel).

PER CURIAM.

This is defendant's rule to show cause why plaintiff's verdict for $25,000 should not be set aside. The only reason assigned by the defendant for setting aside the verdict is that same is excessive. We cannot say that it is.

Plaintiff was a passenger in a street car of the defendant. The car got beyond the control of the motorman and ran down hill into another car so that both cars were practically telescoped. The plaintiff was thrown about the trolley car, and was taken from the scene of the accident to the Jersey City Hospital unconscious, and remained unconscious until the next day. He remained in the hospital for twenty-one days and was then taken to his home. He received an injury to his head, an injury to his side, and an injury to his back. The most serious injury, according to the testimony, was to his brain.

At the time of the trial (two years after the accident) he had not been able to work. At the time of the accident he

was employed as a laborer by a plumber in Jersey City and earned $6 a day. He was twenty-nine years of age, in vigorous health. The testimony justifies the conclusion that his brain was seriously and permanently injured, and that his condition will not improve, but will probably grow worse, because of a degeneration of the cells of the brain, the result of such injury.

In the light of all the evidence bearing upon the question of damages, it is impossible for us to say that the verdict is excessive.

The rule to show cause will be discharged, with costs.